**Affirmed as Modified and Opinion Filed February 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-13-01442-CR
_____

**ANTWAN DEVELL DOUGLAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F12-63774-K**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Antwan Devell Douglas waived a jury trial and pleaded not guilty to unlawful possession of a firearm by a felon. After the trial court found him guilty, appellant stipulated he had two prior felony convictions. The trial court found the enhancement paragraphs true and assessed punishment at twenty five years in prison. In three issues, appellant contends the evidence is insufficient to support his conviction and the trial court's judgment should be modified to show appellant pleaded not guilty with no plea bargain. We modify the trial court's judgment and affirm as modified.

The trial court heard testimony from Dallas police officers Chad Murphy, Nicholas Morris, Gustavo Rodriguez (G. Rodriguez), Martin Rodriguez (M. Rodriguez), and Albert

Sanchez. Murphy, who was off duty, was walking his brother's dog when he saw appellant "leaning" into a Jeep through an open door. Murphy knew appellant was not the Jeep's owner. When appellant saw Murphy, appellant looked surprised and walked away from the vehicle, leaving the door open. Murphy followed appellant at a distance and called 911.

Officers Sanchez and M. Rodriguez were working off-duty bicycle patrol when they heard the dispatcher report a possible burglary of a motor vehicle witnessed by another off-duty officer. Sanchez spotted appellant on the Katy Trail and ordered him to the ground. While M. Rodriguez handcuffed appellant, Sanchez searched the bag appellant was carrying and found marijuana inside. M. Rodriguez patted down appellant's clothing for weapons, found none and handcuffed appellant.

Officers Morris and G. Rodriguez were dispatched to the scene. They arrived after the two bicycle officers had handcuffed appellant, who told the officers his name was Roy Stone, a name they determined was fictitious. Morris said appellant had "4 or 5 shirts on" and "probably 3 or 4 pairs of pants." When Morris searched appellant, he found "nothing of value, just trash and coins." Morris put appellant in the back seat of his patrol car and drove to the location of the alleged burglary. Officers located the owner of the Jeep, who verified that nothing was taken from the vehicle. During the ride to the jail, appellant was "acting weird" and kept "fidgeting . . . moving back and forth." G. Rodriguez was sitting in the front passenger seat, and appellant was in the rear passenger seat behind him. Both officers told appellant several times to stop moving.

During the book-in process at the jail, appellant began to remove his layers of clothing. G. Rodriguez said that when appellant removed the second pair of pants, officers found what looked like a "pantyhose and it's tied at the end with a ball of change . . . made it look as if it is a weapon." After appellant removed two more pairs of pants, G. Rodriguez looked at the clothing

and saw an empty gun holster with a string attached to it. Identification with appellant's true name on it was found in the clothing. G. Rodriguez went back to the patrol car to run appellant's name through the computer and learned appellant had an active warrant for a parole violation. Before he returned to the book-in area, G. Rodriguez decided to look in the back seat of the patrol car because of the empty holster in appellant's clothing. When he opened the car door, he saw a nine-millimeter gun on the backseat floorboard on the passenger side in plain view. The gun appeared to be in good working order and was loaded.

All officers are required to go through a checklist when they start a shift, making sure nothing is inside the vehicle and there is no damage to the outside of the vehicle. Morris checked the patrol car before he began his shift at 4:00 p.m. that day, he arrested and transported appellant to the jail at 5:30 p.m., and no one other than appellant and G. Rodriguez had been in the vehicle.

When reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

To obtain a conviction for unlawful possession of a firearm, the State had to prove beyond a reasonable doubt that appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision under community supervision, parole, or mandatory

supervision, whichever date is later. TEX. PENAL CODE ANN. § 46.04(a) (West 2011). Appellant does not dispute that he had a prior felony conviction. Instead, he challenges only the evidence that he possessed a firearm.

"Possession means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2014). If the firearm is not found on a defendant's person or is not seen in a defendant's exclusive care, custody, control, or management, the State must offer additional, independent facts and circumstances that link a defendant to the firearm. *See Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.).

In his first issue, appellant contends the evidence is insufficient to show he exercised actual care, custody, control, or management of the gun. Appellant asserts that because (1) he was searched by two officers who did not find any weapons on his person, (2) his hands were handcuffed behind his back while in the patrol car, and (3) someone else could have placed the gun in the patrol car during the time appellant was being booked into the jail, the evidence is insufficient.

The evidence links appellant and the gun. The patrol car was cleared prior to the start of the shift. The gun was found on the back seat floorboard of the patrol car that transported appellant to the jail. Appellant had been sitting in the back seat, continually moved around while being transported to the jail, and was the only person who had access to the backseat floorboard before the gun was found. When appellant removed his layers of clothing at the jail, an empty gun holster was found in one of the pairs of pants he had been wearing. Based on the evidence presented, we conclude a rational trier of fact could find beyond a reasonable doubt that appellant knowingly or intentionally possessed the firearm. *See Evans v. State*, 202 S.W.3d 158,

166 (Tex. Crim. App. 2006). The evidence is sufficient to support the conviction. We overrule appellant's first issue.

In his second and third issues, appellant contends the trial court's judgment should be modified to show he entered a not guilty plea with no plea bargain. The State agrees that the judgment should be modified as appellant requests. The trial court's judgment erroneously shows appellant pleaded guilty to the offense and plea bargain terms of "25 Years Penitentiary Fine $-0-." We sustain appellant's second and third issues. We also note the judgment states "N/A" in the sections regarding the pleas and findings on the enhancement paragraphs. The record, however, shows appellant pleaded true to having two prior felony convictions, and the trial court found those paragraphs true.

We modify the trial court's judgment to show the: (1) plea to the offense is not guilty, (2) terms of plea bargain are none, (3) plea to first enhancement paragraph is true, (4) plea to second enhancement paragraph is true, (5) finding on first paragraph is true, and (6) finding on second paragraph is true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment. We order the trial court to enter an amended judgment that reflects these changes.

Do Not Publish
TEX. R. APP. P. 47
131442F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTWAN DEVELL DOUGLAS,
Appellant

No. 05-13-01442-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F12-63774-K).
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Offense" is modified to show "Not Guilty."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "Plea to 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "True."

The section entitled "Findings on 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment. We order the trial court to issue an amended judgment that reflects these changes.

Judgment entered February 25, 2015